# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

### CIVIL NO. 3:03CV278

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **REAL PROPERTY LOCATED AT** | ) | |
| **555 WHITEHORN DRIVE, GASTONIA,** | ) | |
| **NORTH CAROLINA, AND OTHER** | ) | |
| **PROPERTY ASSOCIATED WITH** | ) | |
| **PHILLIP MARK VAUGHAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER is before the Court on the second motion of Citicorp Trust Bank, FSB (Citicorp) for an order to show cause why Randy Lee and Sandra Marie Hammitt (Hammitts) should not be held in contempt of Court for failure to abide by the Court's previous Order of March 11, 2005.

On October 26, 2004, the undersigned entered a Default Judgment of Forfeiture as to real property located at 555 Whitethorn Drive, Gastonia, North Carolina, rejecting the claims filed by the Hammitts alleging their rights to the property. **Default Judgment of Forfeiture, filed October 26, 2004.** Excepted from the Judgment was the claim of Citicorp which was allowed to prosecute its claims to the property. *Id.* The Judgment further provided that "all right, title and interest of all persons in the world in or to the property is hereby forfeited to the United States; and no other right, title or interest shall exist therein" with the exception of the claim of Citicorp.

*Id.* The Judgment further provided that the United States Marshal could dispose of the property as provided by law. *Id.*

On March 11, 2005, the undersigned ordered the Hammitts to vacate the property at 555 Whitethorn Drive, Gastonia, North Carolina, within 15 days from service of the Order. **Order, filed March 11, 2005.** The United States Marshal was ordered to effect personal service and did so on April 1, 2005. Citicorp advises that as of August 1, 2005, the Hammitts continued to reside in the property. On August 8, 2005, the Hammitts filed a pleading captioned "Mandatory Judical (sic) Notice" in which they attack the jurisdiction of this Court.

Title 18 U.S.C. § 401 provides in pertinent part that, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority and none other as – [d]isobedience or resistance to its lawful writ, process, order, rule, decree or command." The failure of the Hammitts to vacate the premises within 15 days after April 1, 2005, constitutes a disobedience of the Order of March 11, 2005. In order to show that this failure constitutes civil contempt, Citicorp is obligated to show by clear and convincing evidence, (1) the existence of a valid order of which the Hammitts had actual or constructive knowledge; (2) the order was in Citicorp's favor; (3) the Hammitts by their conduct violated the terms of the order; and (4) Citicorp suffered harm as a result. *Ashcraft v. Conoco, Inc.*, **218 F.3d 288, 301 (4ᵗʰ Cir. 2000).** Willfulness is not an element of civil contempt. *In re General Motors Corp.*, **61 F.3d 256, 258 (4ᵗʰ Cir. 1995).** The Hammitts, if found in contempt of Court, face both monetary penalties and imprisonment. Monetary penalties may include the costs of service of process to the United States Marshal, attorneys' fees incurred by Citicorp and/or a penalty to be paid into Court.

The Court will require the Hammitts to show cause why they should not be held in contempt of Court. Failure to appear in response to this Order to Show Cause will result in the arrest of the Hammitts by the United States Marshal.

**IT IS, THEREFORE, ORDERED** that the second motion of Citicorp for an order to appear and show cause is **ALLOWED**.

**IT IS FURTHER ORDERED AS FOLLOWS:**

1. The United States Marshal shall effect personal service of this Order to Show Cause on Randy Lee Hammitt and Sandra Marie Hammitt and shall file proof of service with the Court;

2. The United States Marshal is hereby **ORDERED** to enter the premises known as 555 Whitethorn Drive, Gastonia, North Carolina, and to effect the eviction and vacatur of Randy Lee Hammitt and Sandra Marie Hammitt, and in the process thereof, may use all necessary and reasonable force to evict Randy Lee Hammitt and Sandra Marie Hammitt from the premises;

3. Randy Lee Hammitt and Sandra Marie Hammitt shall show cause at a hearing to be held on **MONDAY, SEPTEMBER 19, 2005, AT 4:00 P.M.**, in the Third Floor Main Courtroom of the United States Courthouse, 100 Otis Street, Asheville, North Carolina, why each of them should not be held in civil contempt of Court;

4. Citicorp shall appear at the hearing and shall file and serve on the Hammitts prior to the hearing a statement of attorneys' fees and costs incurred as a result of the failure of the Hammitts to vacate the premises.

4

**Signed: August 29, 2005**

Lacy H. Thornburg
United States District Judge