# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:03CV278

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| REAL PROPERTY LOCATED AT ) | |
| 555 WHITEHORN DRIVE, GASTONIA, ) | |
| NORTH CAROLINA, AND OTHER ) | |
| PROPERTY ASSOCIATED WITH ) | |
| PHILLIP MARK VAUGHAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** came on for hearing before the undersigned on September 19, 2005, at which time Randy Lee Hammitt and Sandra Marie Hammitt appeared in response to an Order to Show Cause, issued on August 29, 2005, as to why they should not be held in civil contempt of Court.

It is first noted that the Hammitts appeared in Court with an infant holding a rattle which was either purposefully or inadvertently placed directly in front of the microphone. The infant's shaking of the rattle completely interfered with the ability of the undersigned to hear anything from the Hammitts and *vice versa*. As a result, Sandra Marie Hammitt was ordered to remove the child from the courtroom and she did so. While the Court strongly suspects this was done as a form of harassment of the Court and the court system, this Order is limited to Randy Lee Hammitt since Sandra Marie Hammitt was ordered to leave the courtroom.

## I. PROCEDURAL HISTORY

On May 30, 2003, a civil *in rem* complaint to forfeit the house in which the Hammitts had been living was filed as an ancillary proceeding to the criminal case of *United States v. Phillip Vaughan*, Criminal Case No. 3:01cr00011. The real property, which was the defendant in the civil forfeiture matter, was seized in June 2003. The Hammitts filed a statement of interest asserting a claim in the real estate on June 20, 2003. However, they failed to file an answer to the complaint.

The Hammitts petitioned the Fourth Circuit for a writ of *mandamus* to set aside the property seizure but the Circuit denied the petition on December 3, 2003. Default judgment was entered against the Hammitts on October 26, 2004, because they failed to file an answer to the complaint. Contained within the language of that Judgment was the following:

> [A]ll right, title and interest of all persons in the world in or to the property [except Citicorp Trust Bank, FSB] is hereby forfeited to the United States[.] . . . [T]he United States Marshal is hereby directed to dispose of the forfeited Defendant property as provided by law.

**Default Judgment, filed October 26, 2004.**

On January 31, 2005, Citicorp, which holds the mortgage on the house at issue and whose interest in the property had been exempted from forfeiture, moved for an Order to Show Cause why the Hammitts should not be held in contempt of Court for failure to abide by state court orders and for order of eviction. On March 11, 2005, this Court issued an Order denying without prejudice the motion to hold the Hammitts in contempt and ordering the Hammitts to vacate the property within 15 days of personal service of the Order. They were personally served by the United States Marshal on April 1, 2005. However, they did not vacate the premises as ordered.

On August 1, 2005, Citicorp moved a second time for an Order to Show Cause because the Hammitts had refused to vacate the property. On August 8, 2005, the Hammitts filed a "Mandatory Judicial Notice" in response to this second motion to hold them in contempt in which they refused to acknowledge the jurisdiction of this Court.

On August 29, 2005, this Court issued an Order of Eviction and an Order to Show Cause why the Hammitts should not be held in civil contempt of Court. A hearing was scheduled in that Order for September 19, 2005.

Undeterred, on September 8, 2005, the Hammitts submitted to the Chambers of the undersigned a copy of their petition for writ of *mandamus* to the Fourth Circuit requesting a stay of the Order to Show Cause issued August 29, 2005. The Fourth Circuit denied that petition on September 19, 2005.

## II. STANDARD OF REVIEW

> To establish civil contempt, each of the following elements must be shown by clear and convincing evidence:
> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . the decree was in the movant's "favor;" (3) . . . the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . the movant suffered harm as a result.

***Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).** "Willfulness is not an element of civil contempt." ***In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995).**

Remedies for civil contempt include requiring the contemnor to reimburse the complainant for losses sustained and for reasonable attorneys' fees. To sustain an award of

attorneys' fees, the undersigned concludes that the Fourth Circuit may require a finding of "willful disobedience" of the order. ***World Travel, Inc. v. Omega Travel, Inc.*, 905 F.2d 1530 (table), 1990 WL 74305 (4th Cir. 1990);** *accord*, **Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991) (acknowledging such a standard in *dicta*).** In any event, the remedies and sanctions must be remedial and compensatory and, unlike cases involving criminal contempt, nonpunitive. ***In re General Motors, supra*, at 259.**

### III. DISCUSSION

At the hearing on September 19, 2005, Randy Lee Hammitt acknowledged on the record that he had been served with the Order requiring he and his wife to vacate the property and admitted that they did not do so within the 15-day period specified in the March 11, 2005, Order. Hammitt also admitted that from April 1, 2005, until some time in early August 2005, he remained in defiance of that Order. When the Court inquired as to his reason for not complying with the Court Order, Hammitt, who is not an attorney, responded that he did not recognize the jurisdiction of federal courts over matters involving real estate and he had independently concluded that only the courts of the State of North Carolina had jurisdiction over such matters. He admitted that no attorney had told him this. Hammitt also argued that Citicorp has no standing to seek contempt proceedings against him.

Hammitt's argument that this Court has no jurisdiction over the disposition of a parcel of real estate in a forfeiture proceeding is frivolous. The Order which he admittedly refused to obey was valid and clearly in the favor of Citicorp which sought to recover the real estate. Hammitt admitted that he had actual knowledge of that Order, having been personally served by the

United States Marshal. Likewise, there is no dispute that the Hammitts violated the Order by refusing to move until sometime in August, over three months after they were ordered to vacate the premises. Citicorp has submitted that it has been harmed by the inability to recover the property and the unnecessary expenditure of attorneys' fees in connection with this matter.

The Court further finds that Hammitt's refusal to vacate the premises amounts to willful disobedience of the March 11, 2005, Order. As a result, an award of attorneys' fees will be granted. Citicorp's attorney estimated that the total amount of attorneys' fees expended in this matter was $5,100. However, the Court ordered him to submit an affidavit in support of his estimate.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. Randy Lee Hammitt is hereby found in civil contempt of this Court for his failure to comply with the Order of March 11, 2005;

2. The civil contempt proceeding against Sandra Marie Hammitt is **DENIED WITHOUT PREJUDICE** to renewal should she fail to comply with the terms and provisions of this Order;

3. On or before two weeks from entry of this Order, Randy Lee and Sandra Marie Hammitt shall, with the consent and cooperation of the United States Marshal, make a complete and satisfactory removal of all personal property belonging to them located in the residence known as 555 Whitehorn Drive, Gastonia, North Carolina;

4. In the event that such is not achieved, judged solely in the discretion of the United States Marshal, the United States Marshal shall remove all such property and place it in storage. The United States Marshal shall retain custody of all such property until such time as Randy Lee and Sandra Marie Hammitt pay all necessary storage costs incurred as a result of the removal of the property, including any moving costs associated therewith. The time within which such payment shall be made is solely within the discretion of the United States Marshal. In the event that Randy Lee and Sandra Marie Hammitt do not make such payment in a timely manner, the United States Marshal shall sell all such property at a public auction to the highest bidder and shall retain the proceeds of such sale to compensate that agency for the costs in connection with this matter.

5. Randy Lee Hammitt shall make payment by certified bank check payable to the Clerk, United States District Court for the Western District of North Carolina in the amount of **ONE THOUSAND DOLLARS AND NO CENTS ($1000.00)** on or before 60 days from entry of this Order as a fine for civil contempt. No extensions of time will be granted in connection with the payment of this fine. In the event the fine is not paid, Randy Lee Hammitt will be subject to further proceedings for civil contempt, including immediate arrest and, if found in contempt, he will be incarcerated for a period of not more than six months;

6. Randy Lee Hammitt shall make payment to the law firm of Kellam & Pettit, P.A., 2701 Coltsgate Road, Suite 300, Charlotte, North Carolina, 28211, of the amount of **FIVE THOUSAND ONE HUNDRED DOLLARS AND NO CENTS ($5,100.00)** in the form of a certified bank check made payable to Citicorp Trust Bank, FSB on or before six

months from entry of this Order as an award of attorneys' fees. Failure to make such payment shall result in further proceedings against Randy Lee Hammitt for civil contempt, including the possibility of incarceration for a period not to exceed six months; and

7. The attorneys of the law firm of Kellam & Pettit, P.A., shall file an affidavit of their attorneys' fees in connection with this matter within 10 days from entry of this Order. Should the amount of such fees differ with that amount stated at the hearing and ordered recovered herein, this Order will be amended to reflect the correct amount.

**Signed: September 21, 2005**

Lacy H. Thornburg
United States District Judge